UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Auner Alexander Garcia-Lopez, et al., <br><br> Plaintiffs <br><br> vs. <br><br> Waste Management, Inc., et. al. <br> Defendants | Case No. _____ <br><br> The Plaintiffs Demand Trial by Jury |

# COMPLAINT

**I. PRELIMINARY STATEMENT**

1. Plaintiffs, Auner Alexander Garcia-Lopez, and all other unnamed members of this class action, seek threefold monetary damages, court costs, and reasonable attorneys' fees, for the neglectful and/or intentional acts of the Defendants.

**II. JURISDICTION**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 18 U.S.C. §§1581 et. seq., and 18 U.S.C. §§1961, 1962, and 1964.

**III. VENUE**

3. Pursuant to 28 U.S.C. § 1391, venue lies in the Southern District of Texas because it is herein that Defendants' illegal actions occurred, where the cause of action arose, and where Defendant Waste Management, Inc. is based.

**IV. PARTIES**

    **Plaintiffs**

4. Auner Alexander Garcia-Lopez is a citizen of El Salvador and a resident of Houston, Texas. He

worked at Waste Management's facilities in the Houston area from the years 2011 to 2014. The unnamed Plaintiffs were all employees of Waste Management, Inc. and worked at its facilities in the Houston area up to the year 2014 and for an undetermined period of time. All of the Plaintiffs were immigrants who were not authorized to work in the United States.

**Defendants**

5.  Defendant Waste Management, Inc. is a Delaware corporation with headquarters in Houston, Texas and with waste processing facilities throughout the United States. Unnamed Company X is one or more employment agencies which provided Waste Management, Inc. with undocumented employees to be used at their Houston area facilities. The individual defendants are the officers of Waste Management, Inc., and of Unnamed Company X, who had knowledge and/or control of the illegal pattern of racketeering activity of Waste Management, Inc., Unnamed Company X, and/or their respective employees.

**V. FACTUAL BACKGROUND**

6.  It is the belief of the Plaintiffs that the illegal actions of the Defendants started sometime around the year 2008. However, it is known that on, or sometime around April 2011, Plaintiff Garcia-Lopez and others were hired through Unnamed Company X to work at Waste Management facilities in the Houston area. They were hired even though Waste Management and/or Unnamed Company X knew, or should have known, that they were not U.S. citizens nor immigrants authorized to work in the United States. Sometime around March of 2012, this Waste Management facility was subjected to an Immigrations and Customs Enforcement (ICE) investigation which led Waste Management's management to fire employees who were working for them though they were not authorized to work in the United States. Though Waste Management's management knew that these individuals were not authorized to work in the United States, they orchestrated a racketeering scheme which provided

the individuals that were fired, including Mr. Garcia-Lopez, with false identity documents obtained from former Waste Management employees or from individuals who had applied for work with Waste Management but were not hired. This scheme illegally employed more than one hundred persons. The motivation for providing false identities to these individuals was to employ them under working conditions well below those allowed by law. This included, but was not limited to, lower wages, many times below the legal minimum wage, excessive work, limited fringe benefits, if any, inadequate training and safety standards, and working conditions akin to involuntary servitude as prohibited by 18 U.S.C. §§1581 et. seq. It also included inducing them to commit illegal acts including the violation of the prohibitions contained in 8 U.S.C. §1324c. The Plaintiffs were compelled to do the work required under inhumane conditions and to disobey the law in order to keep their jobs and avoid trouble with immigration authorities. The Defendants, including Waste Management, Inc. knew this, or should have known it, and took advantage of the illegal environment.[1]

7. On May 21, 2014 the United States Attorney for the Southern District of Texas, after an ICE investigation, filed an Indictment against the following Waste Management or staffing agency employees: Cesar Santiago-Arroyo, Mary Louise Flores, Fernando Emmanuel Bustos, Rudy Alexander Martinez, and Israel Arquimedes Martinez. The charges contained in the indictment included the violation of the following sections of law: 18 U.S.C. §371; 8 U.S.C. §1324(a)(3)(A); 8 U.S.C. §§1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), and 1324 (a)(1)(B)(I); and 18 U.S.C. §2. The case number is 14-cr-0210 and the indictment in such case is attached to this complaint and the facts

---

[1] The attached indictment, on Counts Four through Thirteen, states that Waste Management's officers committed their crimes "for the purpose of commercial advantage and private financial gain ..."

According to an ICE Report, "[t]he estimated proceeds to the company derived from this conduct at the Afton location [was] $5,527,091.55."

alleged therein are made an integral part of the same.

8. The Defendants in Case No. 14-cr-0210 were all employees of Waste Management, Inc., or of Unnamed Company X, and acted with its acquiescence, and for its commercial advantage. They accomplished this goal by violating the rights of Plaintiff Auner Alexander Garcia-Lopez and all other unnamed plaintiffs as prohibited in 18 U.S.C. §§1581, et. seq.

9. Case No. 14-cr-0210 ended on March 24, 2017 with the sentencing of all the defendants.

## VII. COUNT I. TRAFFICKING VIOLATION

10. From on or about 2008, until the indictment and arrest of the defendants in Case No. 14-cr-0210, Plaintiffs Auner Alexander Garcia-Lopez and all other unnamed plaintiffs in this case worked at Waste Management, Inc.'s facilities in the Houston area. Their work was akin to involuntary servitude as described in 22 U.S.C. §7702 and as prohibited by 18 U.S.C. §1581 et. seq. The Plaintiffs in this case were forced to commit illegal acts including those prohibited in 8 U.S.C. §1324c. which is an abuse of the law by the Plaintiffs. They were also forced to work under conditions which are not required of employees who are U.S. citizens or immigrants authorized to work in the United States. Among the requirements imposed on the Plaintiffs was working for less than the minimum wage, working almost twice as hard, no fringe benefits, and enduring injuries caused by the lack of proper training as required by U.S. laws and regulations. The Defendants did this because they knew, or should have known, that the Plaintiffs were afraid that if they did not obey there would be consequences including the ending of employment and even the reporting of their illegal status to immigration authorities such as ICE. Waste Management benefitted from this scheme as admitted to ICE authorities. Their benefit exceeded $5 million dollars. Section 1595 of Title 18 provides for a civil remedy to "recover damages and reasonable attorneys fees" for the violation of 18 U.S.C. §§1581 et. seq. as described herein, as will be further substantiated after discovery, and as will be

finally proven in the trial of this matter.

## VIII. COUNT II. RICO VIOLATION

11. The Plaintiffs actions described above also constitute a pattern of racketeering activity as prohibited by 18 U.S.C. §1962. Section 1961 of Title 18 of the U.S. Code describes racketeering activity as "any act which is indictable under any of the following provisions of title 18, United States Code: ... sections 1581–1592 (relating to peonage, slavery, and trafficking in persons) ..." and a pattern of racketeering activity as one requiring "at least two acts of racketeering activity ...", all of this by an entity such as Waste Management, Inc. The law, 18 U.S.C. §1964, allows private parties, such as the Plaintiffs, who have been damaged by the pattern of racketeering activities of such entity, Waste Management, Inc. in this case, to file a lawsuit against the same and to obtain "threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." The actions described herein, as will be further substantiated after the discovery is completed, and on trial, constitute the pattern of racketeering activity described in 18 U.S.C. §§1961 et. seq. in that it was executed by Waste Management, Inc., with or without any aid from Unnamed Company X, and their respective officers, and it included many more than two violations of the prohibitions contained in §§1581 et. seq.

## IX. CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(1)(2) on behalf of themselves and all others similarly situated. The class consists of the following ascertainable members, all in the custody of the Defendants, the names and other identifying information which can be ascertained from the records of the Defendants.

13. This class consists of all persons who worked for Waste Management in any of its facilities within the United States, as defined in 18 U.S.C. §1961(2), under the same or similar conditions as the named

plaintiffs in this case.

14. Defendants have acted, or threatened to act, on grounds generally applicable to each member of the class, making appropriate relief to the class as a whole.

15. The Plaintiffs are adequate representatives of the class because they have been subjected or threatened with conduct that is identical to the conduct that the members of their respective class have been subjected to or are threatened with, and because, like members of their respective class, they seek a meaningful opportunity to have the merits of their claim adjudicated.

16. A community of interest exists between Plaintiffs and members of their class in that there are questions of law and fact which are common to all. They all seek a determination of whether or not the practices Waste Management and its officers subjected them to the prohibitions of Chapter 77 of Title 18, §§1581 et. seq., all of this in a pattern of racketeering activities as prohibited by 18 U.S.C. §1962.

17. Individual suits by each member of the class would be impractical because:

    (a) There exists common and identical issues of law and fact for all members of the class.

    (b) The number of individual suits would impose an undue burden upon the courts as there are over one hundred members.

    (c) Many members of the class are unaware of their rights and/or are intimidated due to their status as undocumented aliens.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. No administrative or legal remedies under any law exist which remain to be exhausted that would not be futile or that would provide the relief sought herein.

20. No independent litigation has, as of the time of the filing this suit, been brought by any member of

the respective class against Defendants as to the issues raised in this Complaint.

21. Plaintiffs' counsel is experienced in civil litigation before federal courts and can adequately represent the interests of class members as well as the named Plaintiffs.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

1. Accept jurisdiction over this action.

2. Order that Plaintiffs may maintain this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. Award Plaintiffs and the members of their respective class threefold damages, in excess of $75,000, court costs, and attorneys' fees in the prosecution of this lawsuit.

4. Order all other relief that this Court deems just, necessary and proper.

RESPECTFULLY SUBMITTED,

_____
Alexander Zeno
Attorney for Plaintiffs
Naimeh Salem & Associates
8990 Kirby Drive, Suite 200
Houston, TX 77054
(832) 430-3030